DAVID MARSHALL,

        Petitioner,

  v.                                                       Case No. 12-C-0176

STATE OF WISCONSIN,

        Respondent.

DECISION AND ORDER GRANTING PETITION TO PROCEED IN FORMA
PAUPERIS, DENYING AS MOOT INITIAL PETITION TO PROCEED IN FORMA
PAUPERIS, DENYING WITHOUT PREJUDICE MOTION TO STAY HABEAS
CORPUS, AND ORDERING THE RESPONDENT TO FILE AN ANSWER

On February 21, 2012, David Marshall filed a petition for writ of habeas corpus and requested leave to proceed in forma pauperis. Recently, Marshall filed a motion to stay his petition to allow him time to return to the state courts to address unresolved issues. However, because Marshall fails to identify the issues or good cause for his request, the motion to stay will be denied without prejudice and the respondent shall file an answer.

As an initial matter, Marshall seeks leave to proceed in forma pauperis. Rule 3 of the Rules Governing § 2254 Cases instructs the petitioner to file an affidavit of indigence as required by § 1915. Having reviewed Marshal's affidavit, the court is satisfied that he lacks sufficient funds to proceed here. Accordingly, his request to proceed without prepayment of costs will be granted.

Turning to the petition, Marshal indicates that he was sentenced on November 16, 2009, to a term of 23 years and 9 months after entering a no contest plea in Brown County Circuit Court. The Wisconsin Court of Appeals affirmed Marshall's conviction on October 25, 2011, finding that the circuit court exercised its discretion properly in denying his pro

se presentence plea withdrawal motion. Specifically, the Court of Appeals found the record contained no legitimate reason to conclude the recordings cited by Marshall were exculpatory and that defense counsel admitted as much. In addition, the Court of Appeals found that the circuit court ruled properly when it denied Marshall's postconviction plea withdrawal motion based on new claims that trial counsel was ineffective in failing to discover and to investigate the aforementioned recorded conversations and their connection to the search of his apartment. Because Marshall secured a new attorney who stated prior to sentencing that Marshall was not pursuing an ineffective assistance of counsel claim respecting the recorded conversations, the Court of Appeals further found that the claim had been waived. Moreover, the Court of Appeals determined that nothing in the record established deficient performance by defense counsel. Finally, with respect to the search warrant, the Court of Appeals found that the items seized were within the scope of the warrant. Ultimately, the Wisconsin Supreme Court declined to take further action regarding Marshall's case on December 27, 2011. And, based on the state court's review of the docket, it appears that the Wisconsin Court of Appeals denied Marshall's motion for appointment of counsel on May 21, 2012.

In his habeas petition, Marshall challenges the issuance of the search warrant for his apartment, as well as the circuit court's rulings regarding his recorded conversations without listening to them and taking into account information that is not a part of the record. However, at page 6 of the petition, Marshall indicates that he raised these claims at each level in the state court and that none was unexhausted. Nevertheless, Marshall seeks a stay to "return to the lower court to fully resolve all unresolved issues before the presentation to this court."

The United States Supreme Court has held that in certain circumstances, district courts may grant a stay and abeyance to habeas petitioners who have exhausted and unexhausted claims. *Rhines v. Weber,* 125 S. Ct. 1528, 1533-34 (2005). However, a stay and abeyance is appropriate only when "there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 1535. Further, even if the court determines that there was good cause for the failure to exhaust all claims first, "the district court would abuse its discretion if it were to grant [petitioner] a stay when his unexhausted claims are plainly meritless." *Id.* Thus, under *Rhines*, Marshall must demonstrate good cause for failing to exhaust all claims timely, and the unexhausted claims must be meritorious. *Id.* Marshall has failed to identify any of the unresolved claims and has not raised any in his petition. Thus, the court cannot find good cause for failure to exhaust or otherwise determine whether such claims are meritorious.

In his petition, Marshall has raised several ineffective assistance of counsel and Fourth Amendment claims. The United States Supreme Court in *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed.2d 1067 (1976), established the general rule that criminal defendants may not seek collateral review under § 2254 of exclusionary rule claims if they received "an opportunity for full and fair litigation of" those Fourth Amendment claims in state court. Marshall appears to be challenging the state court's determination that he did not object to the lawfulness of the issuance of the warrant. In any event, at this stage of the proceedings, the court does not find that it plainly appears from the face of the petition that Marshall is not entitled to relief. Now, therefore,

IT IS ORDERED that David Marshall's request to proceed in forma pauperis is granted.

3

IT IS FURTHER ORDERED that Marshall's initial request to proceed in forma pauperis is denied as moot.

IT IS FURTHER ORDERED that Marhsall's motion for stay is denied without prejudice.

IT IS FURTHER ORDERED that within sixty days of the date of this order respondent must file an answer, motion, or other appropriate response to the petition.

An answer must comply with Rule 5 of the Rules Governing § 2254 Cases, and show cause, if any, why the writ should not issue. If respondent files an answer, petitioner shall have forty-five days from receipt of the answer to file a brief in support, respondent may file an opposition brief within forty-five days of receipt of petitioner's brief, and petitioner shall have thirty days within which to file a reply, if any.

If the respondent files a motion to dismiss, the motion must be accompanied by a brief in support and other relevant materials. The time for response by petitioner and reply by respondent shall be governed by this district's local rules.

Principal briefs may not exceed thirty pages; reply briefs may not exceed fifteen pages.

Pursuant to a Memorandum of Understanding between the Attorney General and this court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin for service upon the respondent.

Dated at Milwaukee, Wisconsin, this 5th day of July, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE